# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

ABDI HASHI,

                Petitioner,     :     Case No. 2:21-cv-2772

    - vs -                     Chief Judge Algenon L. Marbley
                                  Magistrate Judge Michael R. Merz

BRIAN COOK, Warden,
  Southeast Correctional Institution,

                             :

           Respondent.

# SUPPLEMENTAL REPORT AND RECOMMENDATION

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 17) to the Magistrate Judge's Report and Recommendation recommending the Petition be dismissed (Report, ECF No. 16). Chief Judge Marbley has recommitted the case for reconsideration in light of the Objections (ECF No. 18).

**Background of the Case**

The Objections begin with a two-pages recitation of facts which Petitioner regards as salient (ECF No. 17, PageID 1159-60). The Objections do not attempt to show how these assertions of fact overcome the findings of fact made by the Ohio Fifth District Court of Appeals in affirming the conviction. *State v. Hashi,* 2020-Ohio-177 (Ohio App. 5th Dist. Jan. 22, 2020). Those

findings are quoted at length in the Report (ECF No. 16, PageID 1139-41).  State court findings of fact are binding in later habeas proceedings unless the petitioner shows, by clear and convincing evidence, that the state court findings are clearly erroneous.  28 U.S.C. § 2254(d)(2).  The evidence relied on for such a showing must already be within the state court record.  *Cullen v. Pinholster*, 563 U.S. 170 (2011).

# Analysis

### First and Second Grounds for Relief:  Violations of the Fourth Amendment

In Grounds for Relief One and Two, Petitioner claims his conviction was obtained with evidence seized from him in violation of his Fourth Amendment rights.  The Report concluded that consideration of these claims on the merits was precluded by *Stone v. Powell,* 428 U.S. 465 (1976)(Report, ECF No. 16, PageID 1139-43).

Petitioner objects that *Stone* should not be applied here because "[t]he failure of underlying courts to properly apply controlling constitutional standards and United States Supreme Court precedent undermines the legitimacy of the proceedings resulting in the denial of a fair opportunity for consideration."  (Objections, ECF No. 17, PageID 1160-61).  Petitioner acknowledges that Ohio's system of adjudicating Fourth Amendment claims meets *Stone's* standards (Objections, ECF No. 17, PageID 1161, citing *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir.1982).  Nevertheless, Hashi argues:

> The failure of underlying courts to properly apply controlling constitutional standards and United States Supreme Court precedent undermines the legitimacy of the proceedings resulting in the denial of a fair opportunity for consideration. . . . This issue, however,

> hinges on whether consideration which incorrectly applies the law amounts to the requisite level. . . . There exists a fundamental distinction between the ability to access a hearing and the ability to access a fair hearing. The misapplication of prevailing law blunts the otherwise sharp blade of the judicial system and erodes confidence in the decisions rendered thereby.

*Id.* at PageID 1160-61.

Paraphrased, this amounts to arguing that if the state courts got the Fourth Amendment issues really wrong, the habeas court can put *Stone* aside and decide the merits of the Fourth Amendment claims.

Hashi cites no authority in support of this supposedly "fundamental distinction."  Instead he cites *United States v. Frady*, 456 U.S. 152, 165 (1982), and *Jackson v. Virginia*, 443 U.S. 307, 332 (1979)(Objections, ECF No. 17, PageID 1161).  These cases come nowhere near recognizing any such distinction.  *Frady* holds the procedural default analysis developed in § 2254 cases by *Wainwright v. Sykes*, 433 U.S. 72 (1977) and its progeny is fully applicable to § 2255 motions.  *Jackson* holds the requirement for proof beyond a reasonable doubt in criminal cases is a constitutional requirement under the Due Process Clause.  Thus Hashi has not shown the existence of the fundamental distinction he claims.  Moreover, the Objections make no attempt to apply thus distinction:  they do not attempt to show where the Fifth District's analysis of the Fourth Amendment claims is wrong.

Hashi's Objections to the dismissal of Grounds One and Two are without merit.


**Ground Three: Admission of Evidence in Violation of the Confrontation Clause**


Hashi claimed on direct appeal that his "confrontation right was violated by the trial court's decision to allow surrogate testimony regarding two reviews by other chemists of the testing

analyst's work." The Fifth District decided this claim on the merits and the Report concluded that decision was a reasonable application of relevant Supreme Court precedent. The Report noted that Hashi's argument conflated the Confrontation Clause question with the question of whether a proper foundation had been laid for admitting expert testimony on analysis of the drugs in suit (Report, ECF No. 16, PageID 1147-49). The Report noted these issues had to be separated because the Confrontation Clause claim raised a constitutional question, but the foundation argument did not because *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), did not impose a constitutional rule *Id.* at PageID 1148.

Petitioner's Objections continue to conflate these two questions (Objections, ECF No. 17, PageID 1162). Agent Congleton was permitted to testify about the results of the tests he conducted. Whether there was an adequate scientific or other expert basis for that opinion is a non-constitutional *Daubert* question not cognizable in habeas.

Congleton was also permitted to testify that his work was reviewed, but not the results of that review. The Report concluded Supreme Court authority cited by Petitioner, *Williams v. Illinois,* 567 U.S. 50 (2012), supported the Fifth District's Confrontation Clause ruling in this case (ECF No. 16, PageID 1147-48). The Objections do not respond to this analysis of *Williams*, merely quoting its *Daubert*-parallel language (ECF No. 17, PageID 1162).

The test for whether a state court decision on a constitutional claim is entitled to deference is whether or not it is an objectively reasons application of clearly-established Supreme Court precedent. 28 U.S.C. § 2254(d)(1). *Crawford v. Washington*, 541 U.S. 36 (2004), represented a major change in Confrontation Clause law, overruling as it did *Ohio v. Roberts*, 448 U.S. 56 (1980). The proper application of the Confrontation Clause has continued to divide the Court. See *Michigan v. Bryant*, 562 U.S. 344 (2011); *Bullcoming v. New Mexico*, 564 U.S. 647 (2011);

*Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009); and *Giles v. California,* 554 U.S. 353 (2008).  Petitioner cites no Supreme Court case holding that testimony such as Agent Congleton's that his analysis was reviewed, without stating the results of the review, violates the Confrontation Clause.  Ground Three is therefore without merit.

**Ground Four:  Insufficient Evidence to Convict**

Hashi framed his Fourth Ground for Relief as an insufficient evidence claim under *Jackson v. Virginia*, 443 U.S. 307 (1979).  In significant part, however, it was argued as a defective indictment claim:  Hashi had been indicted for possession of cathinone, but the statute, he asserted, punished possession of "substituted cathinone."  The Report pointed out that in fact the statute, Ohio Revised Code § 3719.41, prohibits the possession of substituted **cathinones** (plural) and defines cathinone as one of those substituted cathinones (Report, ECF No. 16, PageID 1155).

The Objections emphasize the claim that Agent Congleton's testing methods were not scientifically reliable.  This again is a *Daubert* argument and *Daubert* has not been constitutionalized by the Supreme Court.  Hashi argues it should be:  "Where the deprivation of liberty is at issue, the government should be required to adhere to proven, repeatable, and peer-reviewed methods."  (Objections, ECF No. 17, PageID 1163).  Perhaps.  But this is not the Court in which to make that argument.  Only the holdings of Supreme Court case law suffice to create rules which, if broken, can result in habeas relief.  28 U.S.C. § 2254(d)(1). From *Brown v. Allen*, 344 U.S. 443 (1953), until adoption of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), district courts had authority to consider constitutional questions *de novo* but the AEDPA requires us to rely only on Supreme Court precedent.

Aside from this statutory interpretation question, the Objections completely elide the point made in the Report that Hashi admitted the substance seized from him was khat.

Ground Four is therefore without merit.

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge again respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

January 28, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.